UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
06 JAN 26 PM 2:20
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| NOBLE INDUSTRIES, INC., | ) |
| Plaintiff, | ) Case No. 1:06-cv-0139-SEB-VSS |
| vs. | ) |
| SONNY SCAFFOLDS, INC. and CHARLOTTE COSGROVE, | ) JURY TRIAL DEMANDED |
| Defendant. | ) |

### NOBLE INDUSTRIES, INC.'S COMPLAINT AND DEMAND FOR JURY TRIAL

Comes now Plaintiff Noble Industries, Inc. (hereinafter "Noble Industries"), by and through its counsel and for its Complaint against Defendants Sonny Scaffolds, Inc., (hereinafter "Sonny Scaffolds") and Charlotte J. Cosgrove states as follows:

### THE PARTIES

1.  Plaintiff Noble Industries is a corporation organized and existing under the laws of the State of Indiana with its principal place of business at 3333 E. Conner Street, Noblesville, Indiana 46060.

2.  Upon information and belief, Defendant Sonny Scaffolds is a corporation organized and existing under the laws of the State of Indiana with its principal address at 5125 Decatur Boulevard, Suite F, Indianapolis, Indiana 46241.

3.  Upon information and belief, Defendant Charlotte J. Bell Cosgrove is the President of Sonny Scaffolds and resides at 11074 Clarkston Road, Zionsville, Indiana 46077.

1

## JURISDICTION AND VENUE

4. The present action arises under the copyright and unfair competition laws of the United States including, *inter alia*, 17 U.S.C. §§ 106, 501 and 1202 and 15 U.S.C. § 1125, under the statutory and common laws of the State of Indiana.

5. This Court has original jurisdiction over the claims set forth herein against Defendants pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b) and pursuant to 15 U.S.C. § 1121 and 17 U.S.C. § 1203. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the state law claims against Defendants because they are so related to the copyright infringement and federal unfair competition claims that they form part of the same case or controversy.

6. Upon information and belief, Defendant Charlotte Cosgrove resides in this Judicial District, and Defendant Sonny Scaffolds resides in this Judicial District. Therefore, this Court has personal jurisdiction over Defendants.

7. Venue in this Judicial District with respect to the claims set forth herein against Defendants is proper pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(a).

## BACKGROUND AND FACTS

8. Noble Industries was established in 1968 and is a designer and manufacturer of precision sheet metal products and a powder coating operator.

9. Noble Industries operates a 70,000 square foot state-of-the-art manufacturing facility in Noblesville, Indiana where it designs and fabricates precision sheet metal for a variety

of industries including automotive, defense, pet, home construction, and point of purchase display industries.

10. On information and belief, Sonny Scaffolds is a manufacturer of scaffolding, drywall carts, and painter scaffolds.

11. On information and belief, in late 2004, Defendant Charlotte Cosgrove, along with her husband Jeffrey Cosgrove, purchased Sonny Scaffolds.

12. Noble Industries has supplied finished powder coating to Sonny Scaffold since August 2001.

13. In approximately February 2005, Sonny Scaffolds issued purchase orders to Noble Industries for various products to be manufactured and finished with a powder coat.

14. To fill Sonny Scaffolds orders, Noble Industries purchased a robotic welding machine and a CNC tube bending machine costing in excess of $410,000.

15. Noble Industries also purchased from Sonny Scaffolds a brake press, OBI press, 40 in. drill machine, and a small punch press for a total cost of $22,000.

16. Pursuant to purchase orders from Sonny Scaffolds therefor, Noble Industries created technical drawings for various products and parts based on Sonny Scaffolds' existing products and/or requirements, including the SDC-1 large drywall cart, 6-ft. ladder, QS-5 components, QS-4 components, outrigger square tube with bushing, 10027 mobile guard clip, 40-in. ladder, and SDC-1 material cart.

17. Noble Industries also designed and created technical drawings for the SDC-2 small drywall cart and SDC-2-SNG Stow-N-Go drywall cart.

18. Noble Industries expended considerable engineering costs in the development of the technical drawings for these products.

19. Sonny Scaffolds has taken delivery of product manufactured by Noble Industries but for which it has not paid Noble Industries.

20. Noble Industries ceased delivery of product to Sonny Scaffolds by reason of Sonny Scaffold's non-payment of the above-mentioned debt.

## NOBLE INDUSTRIES' COPYRIGHTED TECHNICAL DRAWINGS

21. On or about September 2005, Defendant Charlotte Cosgrove requested from Noble Industries the entire set of engineering drawings for the products that Noble Industries supplied to Sonny Scaffolds.

22. Defendant Charlotte Cosgrove asserted that she needed the drawings for insurance purposes.

23. Noble Industries provided Charlotte Cosgrove the engineering drawings with the proviso that they were the property of Noble Industries and could not be used by any other entity without Noble Industries' permission.

24. Each of the technical drawings provided to Charlotte Cosgrove contains a notice of Noble Industries' ownership of the drawing as well as a copyright notice.

25. A copy of the complete set of drawings provided to Charlotte Cosgrove is provided in Exhibits A-J thereto. Any hand sketches contained in Exhibits A-J were provided to Noble Industries by Sonny Scaffolds. All formal, technical drawings contained in Exhibits A-J are the works of Noble Industries.

26. On information and belief, Defendants gave copies of Noble Industries' drawings of the SDC-1 large drywall cart, SDC-2 small drywall cart, and the 6-ft. ladder to third party

4

metal manufacturers with the intent of having the third parties bid on, or supply, the illustrated products.

27. On information and belief, Defendants removed or directed the removal of Noble Industries' notice of ownership from some of the copies of the technical drawings that Defendants gave to the third-party metal manufacturers.

28. On information and belief, Defendants removed or directed the removal of Noble Industries' copyright notice from some of the copies of the technical drawings that Defendants gave to the third-party metal manufacturers.

29. On December 13, 2005, Noble Industries obtained copyright Reg. No. VAu 635-234 (Exhibit K hereto) entitled SDC-2 Small Drywall Cart for its technical drawings thereof.

30. On December 13, 2005, Noble Industries obtained copyright Reg. No. Vau 635-235 (Exhibit L hereto) entitled 6 Foot Scaffold Ladder for its technical drawings thereof.

31. On December 13, 2005, Noble Industries obtained copyright Reg. No. VAu 635-236 (Exhibit M hereto) entitled SDC-1 Large Drywall Cart for its technical drawings thereof.

## COUNT I: COPYRIGHT INFRINGEMENT

32. Plaintiff re-alleges the allegations contained in paragraphs 1-31 of its Complaint as if fully stated herein.

33. Plaintiff owns the full and exclusive right, title and interest in United States Copyright Registration Nos. VAu 635-234 for the SDC-2 Small Drywall Cart drawings, VAu 635-235 for the 6 Foot Scaffold Ladder drawings, and VAu 635-236 for the SDC-1 Large Drywall Cart drawings (hereinafter, collectively, "Copyrights-in-Suit).

34. Plaintiff never authorized Defendants' reproduction of any of its copyrighted works.

35. Upon information and belief, Defendant Charlotte Cosgrove obtained Plaintiff's copyrighted works under fraudulent and false pretenses.

36. Defendant Charlotte Cosgrove is not entitled to the protection of the corporate veil in the execution of fraud or illegal activity.

37. Defendants maliciously and willfully violated Plaintiff's copyrighted works by the removal of Plaintiff's ownership notice and the removal of Plaintiff's copyright notice therefrom.

38. Defendants' reproduction of Plaintiff's copyrighted works is a violation of the copyright laws of the United States, specifically, 17 U.S.C. §§ 106 and 501.

39. Plaintiff's remedy at law is inadequate.

## COUNT II: VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT

40. Plaintiff re-alleges the allegations contained in paragraphs 1-39 of its Complaint as if fully stated herein.

41. Upon information and belief, Defendants intentionally removed, altered and/or directed the removal or alteration of the ownership and copyright notices from each of Plaintiff's copyrighted works represented in the Copyrights-in-Suit.

42. Plaintiff did not authorize Defendants' removal or alteration of its ownership and copyright notices from its works.

43. Upon information and belief, Defendants distributed copies of Plaintiff's works knowing that the ownership notices and copyright notices had been removed or altered without Plaintiff's authority.

44. Upon information and belief, Defendants knew, or had reason to know, that such removal or alteration of the ownership and copyright notices and/or that the distribution of copies of Plaintiff's works so altered will enable, facilitate, or conceal Defendants' infringement of Plaintiff's copyrighted works.

45. Defendants have, thus, violated the Digital Millennium Copyright Act, 17 U.S.C. § 1202(b).

## COUNT III: UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)

46. Plaintiff re-alleges the allegations contained in paragraphs 1-45 of its Complaint as if fully stated herein.

47. By removing Noble Industries' notice of ownership and copyright notice from Noble Industries drawings, Defendants created the false and misleading impression in third parties that the drawings were created by Sonny Scaffolds, thereby creating a false designation of origin or the false or misleading impression or representation of fact that is likely to cause confusion, or to cause mistake, or to deceive as to the origin of the drawings that Sonny Scaffold gave to third-party manufacturers and/or as to Sonny Scaffold's commercial activities.

48. Defendants have thus engaged in unfair competition and violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

49. Defendants' removal of said notices was not done by mistake or accident, but was done willfully with the intent to deceive third parties into believing that the drawings were the creation and property of Sonny Scaffolds, and such conduct makes this case exceptional.

50. Plaintiff's remedy at law is inadequate.

## COUNT IV: COLLECTION OF DEBT UNDER STATE LAW

51. Plaintiff re-alleges the allegations contained in paragraphs 1-50 of its Complaint as if fully stated herein.

52. Noble Industries invoiced Sonny Scaffolds for the products sold to it. Such products are more fully described in the invoices attached hereto and made a part hereof as Exhibit N.

53. Noble Industries has demanded payment of the sum of $188,166.25. Sonny Scaffolds has not objected to the accuracy of Noble Industries invoices; rather, is has refused to make payment.

54. Noble Industries seeks payment due it for the goods, as well as the interest thereon from the due date of each invoice. Such prejudgment interest accrues at the rate of 8% per annum.

## COUNT V: REPUDIATION OF PURCHASE ORDER OBLIGATIONS

55. Plaintiff re-alleges the allegations contained in paragraphs 1-54 of its Complaint as if fully stated herein.

56. Sonny Scaffolds submitted various purchase orders to Noble Industries. Such purchase orders are attached hereto and made a part hereof as Exhibit O.

57. At times, Sonny Scaffolds advised Noble Industries to commence fabrication of the products/parts described in the purchase orders. Noble Industries complied with Sonny Scaffolds' requests. Sonny Scaffolds has anticipatorily repudiated its obligations to complete the purchase of such goods.

58. Attached hereto as Exhibit P is a copy of Noble Industries' invoice for the completed goods held at its facility. The sum of $73,106.25 is due and owing to Noble Industries by Sonny Scaffolds.

59. Attached hereto as Exhibit Q is a copy of Noble Industries' invoice for the partially completed goods. Such goods are held at Noble Industries' facility. The sum of $88,282.90 is due and owing to Noble Industries from Sonny Scaffolds.

## COUNT VI: QUANTUM MERUIT

60. Plaintiff re-alleges the allegations contained in paragraphs 1-59 of its Complaint as if fully stated herein.

61. Plaintiff incurred technical and engineering costs in excess of $30,000 related to the technical drawings created for the products that Sonny Scaffolds ordered.

62. Sonny Scaffolds has never paid Noble Industries any amount for the technical drawings that Sonny Scaffolds obtained from Noble Industries.

63. Noble Industries' remedy at law for Sonny Scaffolds' taking and use of Noble Industries technical drawings is inadequate.

64. Noble Industries is entitled to recover under quantum meruit the cost of its technical and engineering services that Sonny Scaffolds has taken.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

A.　A judgment that Defendants have infringed Noble Industries' Copyright Registration Nos. VAu 635-234, VAu 635-235, and VAu 635-236;

B.　A permanent injunction, pursuant to 17 U.S.C. §§ 502 and 1203(b)(1) and 15 U.S.C. § 1116, enjoining Defendants and all others in active concert with them from further infringement of the Copyrights-in-Suit, from further removal or alteration of Plaintiff's ownership and copyright notices and from distribution of copies of Plaintiff's copyright works in which the ownership and copyright notices have been removed or altered, as well as from further unfair competition pertaining to Plaintiff's technical drawings in Exhibits A-J;

C.　A judgment that Defendants intentionally, knowingly, and willfully infringed the Copyrights-in-Suit;

D.　A judgment that Defendants intentionally removed or altered Plaintiff's ownership and copyright notices on Plaintiff's copyrighted works or distributed copies of Plaintiff's works knowing that such notices had been removed or altered, in violation of 17 U.S.C. § 1202(b);

E.　An award of Plaintiff's damages and Defendants' profits pursuant to 17 U.S.C. §§ 504 and 1203(c);

F.　An award of Plaintiff's attorney's fees and costs pursuant to 17 U.S.C. § 505 and 1203(b)(4) and (5);

G.　An order impounding all copies of Plaintiff's copyrighted works in Defendants' possession and/or control and destroying the same pursuant to 17 U.S.C. § 1203(b)(2) and (6);

H. A judgment that Defendants engaged in unfair competition in violation of 15 U.S.C. § 1125(a);

I. A judgment that Defendants willfully engaged in unfair competition, thus making this an exceptional case;

J. An award of (1) Defendants' profits, (2) any damages sustained by Plaintiff, (3) costs of the action, and (4) Plaintiff's attorney's fees pursuant to 15 U.S.C. §1117(a);

K. An award of the debt owed to Noble Industries by reason of Sonny Scaffolds' failure to pay invoices for product that Plaintiff delivered to Sonny Scaffolds and for product completely or partially fabricated in fulfillment of Sonny Scaffolds' purchase orders;

L. An award under quantum meruit of the value of technical and engineering services that Plaintiff rendered to Sonny Scaffolds without being compensated therefor;

M. An award of pre- and post-judgment interest on all monetary amounts awarded to Plaintiff; and

N. All other legal and equitable relief as this Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff respectfully requests a jury trial on all issues so triable.

Respectfully submitted,

Date: January 26, 2006

*Lisa A. Hiday*
Lisa A. Hiday, No. 18722-53
Woodard, Emhardt, Moriarty,
   McNett & Henry LLP
111 Monument Circle, Suite 3700
Indianapolis, Indiana  46204-5137
(317) 634-3456 – Telephone
(317) 637-7561 – Facsimile

Michael Walsh, No. 995-49
Michael Walsh, P.C.
11350 N. Meridian Street, Suite 420
Carmel, Indiana 46032
(317) 575-5700 – Telephone

5807-3:376483